UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD MOODY BRONCHEAU,<br><br>    Defendant. | Case No. 3:24-cr-00136-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Donald Moody Broncheau's Motion for Review of Detention Order (Appeal) (Dkt. 40). Broncheau requests the Court modify the detention order to allow him a reasonable opportunity to comply with the release conditions. For the reasons discussed below, the Court denies Broncheau's motion and affirms the detention order.

### I.      BACKGROUND

Broncheau is charged with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The Government alleges that, in September 2024, Broncheau, a fifty-nine-year-old man, digitally penetrated a thirteen-year-old girl multiple times during the night while she was staying at a friend's house on the Nez Perce reservation. The girl reported the abuse the following morning. According to the Government, the girl told interviewers that she and Broncheau had been drinking alcohol during the time leading up to the abuse and that Broncheau was drinking vodka while he abused her.

MEMORANDUM DECISION AND ORDER - 1

### A. Nez Perce Tribal Court

In January 2024, the Nez Perce Tribal Court charged Broncheau with sexual molestation of a minor under the age of fifteen and child abuse. Broncheau was initially detained on those charges at the Clearwater County Jail but was moved to Nisqually after jail staff reported Broncheau was continuously antagonizing another inmate, leading to a 3:30 a.m. "screaming match that almost resulted in a fight." (Dkt. 43-1). Broncheau remained in custody until he was released on pretrial supervision on March 6, and ordered to return to Tribal Court on April 17. (Dkt. 43-2 at pp. 6-9). The conditions of his release prohibited him from consuming or possessing alcohol. (*Id.* at p. 7).

On April 9, 2024, a little over a month into Broncheau's release, the Nez Perce Tribal Police responded to a report made by Broncheau's partner of threats by Broncheau. (*Id.* at pp. 10-11). Broncheau's partner told police: (1) Broncheau had been drinking vodka all day; (2) he threatened to kill her dog earlier in the day; (3) in the past, he had been physical with her and threatened to kill her; and (4) although Broncheau did not drink when he was first released, he began regularly drinking alcohol. (*Id.* at p. 10). When law enforcement confronted Broncheau about this report, he exhibited signs of intoxication. (*Id.*) Although he initially denied drinking alcohol when questioned, he later admitted to drinking but denied being intoxicated. (*Id.*).

The next day, Broncheau's probation officer reported the violation of release conditions to the Nez Perce Tribal Prosecutor's Office, which moved to revoke Broncheau's bond based on his noncompliance with pretrial release conditions. (*Id.* at pp. 1-4). On April 17, 2024, Broncheau failed to appear in court, and a bench warrant was issued. (Dkt. 43-3). Broncheau maintains he missed court because he was in the hospital, but he has never substantiated this claim with any

proof, and he remained in bench warrant status for over a month until he was arrested on May 24 on the indictment in this case.

### B.      Federal Indictment

After Broncheau was arrested on the indictment, the Government moved to detain him pending trial, and he opposed the motion. Following the detention hearing on June 5, 2024, Judge Grasham denied the Government's motion and ordered that Broncheau be released pending trial, subject to conditions, including location monitoring. On June 7, U.S. Probation visited Broncheau's trailer and determined that it did not have any continuous power, which is necessary for location monitoring. As a result, Judge Grasham issued a warrant and—following multiple status conferences without any resolution of the issue of lack of continuous power at Broncheau's trailer—Judge Grasham ordered Broncheau's detention because he could not immediately comply with the Court's location monitoring condition.[1]

Broncheau asks this Court to modify the detention order to allow him "a reasonable opportunity to comply with release conditions." (Dkt. 40 at p. 2). More specifically, he requests release without immediate location monitoring, with a status report to following ten to fourteen days after his release. The Government not only opposes Broncheau's request to be released without location monitoring but also "reaffirms its request for detention and urges this Court to detain Broncheau." (Dkt. 43 at p. 5).

---

[1]     Broncheau's partner purchased a generator to try to address the Court's concerns regarding the lack of power; however, according to Broncheau, the generator is not a long-term solution. Instead, Broncheau maintains the reasonable, long-term solution for him is to "re-establish the battery system that he used for years prior to his arrest" because "h]is kin lacks the electrical skills to do this for him." (Dkt. 40 at pp. 7-8, n.2).

**MEMORANDUM DECISION AND ORDER - 3**

## II.     LEGAL STANDARD

Broncheau's motion is brought under 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See* Fed. R. Crim. P. 59(a). The district court must promptly determine the motion. 18 U.S.C. § 3145(b).

A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* A district court is not required to hold an evidentiary hearing in reviewing a magistrate court's detention order when no evidence is offered that was not before the magistrate judge. *Id.*

## III.     ANALYSIS

The Bail Reform Act governs pretrial confinement and release. *See* 18 U.S.C. § 3142. The Act mandates that a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . . " 18 U.S.C. § 3142(e)(1). The Government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence. *See, e.g.*, *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). Generally, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In determining whether conditions of release exist that will reasonably assure Broncheau's appearance and community safety, the Court considers four factors: (1) the nature and circumstances of the offense charged, including whether the offense [involves a minor victim]; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Hir*, 517 F.3d at 1086 (citing 18 U.S.C. § 3142(g)).

This case is somewhat unusual in that the Magistrate Judge initially found that conditions for release exist which would reasonably assure Broncheau's appearance and the safety of the community but later rescinded that order when Broncheau could not comply with the location monitoring condition. The Court recognizes the quandary Broncheau faces in complying with this condition: he must be released to re-establish the battery system he used for power before his arrest and his belongings being stolen because "[h]is kin lacks the electrical skills to do it for him." (Dkt. 40 at pp. 7-8, n.2). Nonetheless, after examining the factors in § 3142(g), the parties' evidence, and their arguments *de novo*, this Court agrees with the Magistrate Judge's conclusion that Broncheau's inability to comply with the location monitoring condition warrants his detention.

First, the nature and circumstances of the offense are very serious. Broncheau allegedly sexually abused a minor—a sleeping thirteen-year-old girl—multiple times over the course of a night after drinking vodka. Section 3142(g)(1) specifically identifies charged offenses involving minors as among those offenses raising concerns about safety in the community. Although the alleged incident is the first time Broncheau has been accused of such an offense, the Court finds this factor weighs in favor of detention.

**MEMORANDUM DECISION AND ORDER - 5**

Second, the weight of the evidence against Broncheau appears sufficiently strong. The minor immediately reported the alleged sexual abuse to law enforcement, and a grand jury found probable cause to indict Broncheau. This factor also weighs in favor of detention, although it is the factor to be accorded the least weight. The Court, however, may consider the weight of the evidence in determining whether Broncheau poses a danger to the community if released.

Third, Broncheau appears to have relatively strong ties to his family and community. He is fifty-nine years old and has lived his entire life in Idaho, other than nine months in California and one year in Washington. He has one sister, who resides on the same property as him, and three adult children, who reside in Idaho and with whom he maintains contact.[2] Balanced against these ties, however, is the relative instability of his residence, a fifth-wheel trailer lacking power; his lack of employment; his history of alcohol abuse including a 2019 conviction for public intoxication and his recent violation of his release conditions; his failure to appear history, including a recent failure to appear in Tribal Court; and most critically, his history of physical violence, which includes arrests for battery and threats against his partner,.

Broncheau's alcohol abuse is particularly concerning given its alleged role in the offense for which he is charged. Additionally, the Government submits new evidence indicating Broncheau almost immediately began drinking alcohol in violation of his release conditions after he was released by the Tribal Court. Even more troubling, Broncheau's partner reported he threatened to kill her dog after drinking vodka all day while on pretrial release and that he had threatened to kill her on previous occasions after drinking to excess. Broncheau's recent threats against his partner while on pretrial release led her to move because she felt unsafe with Broncheau. In short, as the Government argues, Broncheau's alcohol abuse appears to contribute

---

[2] Broncheau also has an adult daughter who resides in Portland, Oregon.

**MEMORANDUM DECISION AND ORDER - 6**

to his allegedly criminal behavior, and his recent past history demonstrates he will continue to abuse alcohol even with conditions prohibiting its use.

Indeed, when the Magistrate Court initially ordered Broncheau's release subject to conditions, it expressed serious concerns regarding his alcohol abuse issues before ultimately finding only "very, very strict" conditions of release would reasonably assure his appearance and the community's safety – namely, location monitoring and substance abuse screening and treatment. (Dkt. 40-1 at p. 30). Significant information has emerged, however, that changes the basis for this finding: Broncheau does not have power to his trailer, which is necessary for location monitoring. He lasted only about a month on pretrial supervision before violating release conditions by drinking and threatening to kill his partner's dog. Broncheau failed to appear in Tribal Court, and a bench warrant was issued. According to his partner, Broncheau has threatened to kill her in the past after drinking to excess. This information leads the Court to conclude Broncheau poses a risk of nonappearance and a danger to the community absent location monitoring. Accordingly, this Court denies Broncheau's motion to revoke the Magistrate Court's detention order.

## IV.   ORDER

**IT IS ORDERED that:**

1. Defendant Donald Moody Broncheau's Motion for Review of Detention Order (Appeal) (Dkt. 40) is **DENIED**.

2. The Magistrate Judge's Order of Detention Pending Trial (Dkt. 34) is **AFFIRMED**.

DATED: October 25, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge